Filed 9/18/24  P. v. Medina CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B332906 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. YA100266 |
| MARCOS MEDINA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Laura C. Ellison, Judge.  Affirmed.

Christine Aros, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

After reviewing this appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), we affirm.  Code citations are to the Penal Code.

I

In February 2019, David Amaro stood outside near a family friend's house in Gardena, California. His mother was inside, delivering a party invitation.

A car pulled up. A man got out of the back seat and approached Amaro.

Amaro turned and ran. The approaching man shot Amaro in the back. Amaro died at the hospital.

II

Police determined one car in the episode belonged to Marcos Medina and another person. Police questioned Medina. One officer read Medina his *Miranda* rights. (See *Miranda v. Arizona* (1966) 384 U.S. 436.) Medina responded to each query that yes, he understood. The officers then tried two methods to get information from Medina.

Officers put Medina in a cell with a microphone. Medina and the other person in the cell talked off and on about the shooting. During these conversations, Medina described some the arrangements for the shooting, mentioned someone disposed of the gun, said the shooting was his idea, and admitted he didn't know how many bullets hit Amaro.

The officers also gave Medina partial or false information to prompt a confession. They told him his accomplice had admitted driving the car Medina arrived in and had identified Medina as the shooter. They showed him an initialed six-pack with his picture circled on it and told him a witness to the shooting had identified him. Neither of these claims was true. But Medina then admitted being at the scene of the shooting. When an officer asked Medina whether perhaps he had started shooting because of adrenaline, Medina said yes, that was what had happened.

## III

Prosecutors charged Medina with two counts. The first was murder (§ 187, subd. (a)), with the additional enhancement allegation that Medina personally and intentionally discharged a firearm, causing death (§ 12022.53, subds. (b), (c), & (d)). The second count was that Medina was a felon in possession of a firearm (§ 29800, subd. (a)(1)).

With the advice of counsel and following admonitions by the trial court, Medina admitted to the prior conviction that made him a felon at the time of the murder.

A jury found Medina guilty of first degree murder and of being a felon in possession of a firearm, and found true the § 12022.53 enhancement allegation. The court sentenced Medina to 25 years to life on the first count, an additional 25 years to life for the enhancement, and two years for the second count.

## IV

Medina appealed from the judgment, and we appointed counsel to represent him. Appointed counsel examined the record and filed an opening brief raising no issues and asking this court to review the record independently under *Wende.* Counsel also advised Medina of his right to file a supplemental brief for us to consider.

We note at the outset that police deception, alone, does not make a suspect's confession involuntary. (See *People v. Farnam* (2002) 28 Cal.4th 107, 182-183.) Our review of the record did not reveal other factors that would create an arguable issue as to the voluntariness of Medina's statements. We also note that surreptitious recording of a detained person's incriminating statements is allowed unless the person was "lulled into believing" the conversation was confidential. (*People v.*

*Hammons* (1991) 235 Cal.App.3d 1710, 1715.)  No one lulled Medina.

Medina filed a supplemental brief of four pages, in which he argues that his trial and the jury deliberations were too short, that two of the jurors were from Gardena (the town where the murder took place), and that no witness positively identified him as the murderer.

The trial took place over four court days.  The jury deliberated for half an hour.  There is no indication in the record that Medina's counsel failed to adequately represent him, in voir dire or otherwise, or that the jury members failed to perform their duties.  Further, a murder conviction does not require eyewitness identification.  In this case, Medina confessed.

Medina also argues that the jury improperly credited the testimony of a "lying gang member" and a witness who described the shooter as "tall" but was never asked "How tall?"  The weight to give to witness testimony is appropriately decided by the fact finder.  The gang member witness, according to Medina, was sent to juvenile hall because of this murder.  That fact does not show trial error.

In his brief, Medina contends that the prosecutor was "over-emotional" in her closing arguments and that this improperly swayed the jury.  We see no unusual emotion in the transcript.  No one commented on the prosecutor's arguments at all during the trial, and the prosecutor specifically exhorted the jury members not to succumb to "passion or prejudice" in their deliberations.

Finally, Medina claims that he recalls testimony given during the trial that does not appear in the transcript, and that

there must therefore be missing portions of that transcript.  We have reviewed the transcript.  There is no sign it is incomplete.

V

Medina's counsel fully complied with counsel's responsibilities.  No arguable issues exist.  (See *Wende*, *supra*, 25 Cal.3d at pp. 441–442.)

**DISPOSITION**

The judgment is affirmed.

WILEY, J.

We concur:

STRATTON, P. J.

GRIMES, J.